**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CR-534 RLW |
| SAMIR SIMPSON-BEY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Samir Simpson-Bey's Motion to Revoke Order of Detention Pursuant to 18 U.S.C. § 3145(b) (ECF No. 23). United States Magistrate Judge Noelle C. Collins ordered Defendant detained on the Government's motion pursuant to 18 U.S.C. § 3142(f)(1), after finding the Government established by clear and convincing evidence that Defendant presents a danger to the community, and by a preponderance of the evidence that Defendant is a flight risk.

The Government filed a response opposing the motion (ECF No. 24). Defendant did not file a reply and the time to do so has passed. Defendant's motion to revoke is therefore ready for decision. The Court has conducted de novo review of the record, and will adopt the Magistrate Judge's order of detention and reasons as it agrees fully therewith. Accordingly, the Court will deny Defendant's motion.

**Legal Standard**

The Court reviews the detention order de novo, without deference to the Magistrate Judge's findings. See United States v. Koenig, 912 F.2d 1190, 1191-92 (9th Cir. 1990); see generally United States v. Maull, 773 F.2d 1479, 1481-82 (8th Cir. 1995) (en banc) (de novo review of order setting

bond appropriate). The Court is "required to analyze the conditions of release to determine whether any would give reasonable assurance of appearance." Id. at 1485.

A defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j). A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (citing United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985)); see 18 U.S.C. § 3142(c), (e)-(f). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (quoting United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986)).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"Reviewing without deference does not require the district court to start over in every case and proceed as if the magistrate's decision and findings do not exist." United States v. Cook, 87 F.4th 920, 924 (8th Cir. 2023) (cleaned up) (quoted case omitted). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." Id. (citing cases). The district court need not "prepare its own written findings of fact and statement of reasons." Id. at 925 (quoted case omitted).

**Discussion**

The Court has reviewed the entire record, including the indictment, the Government's motion for detention (ECF No. 4), the Pretrial Services Office bail report (ECF No. 14), the Order of Detention (ECF No. 20), and the parties' briefing on the instant motion. The Court listened to the digital audio recording of the detention hearing held on October 17, 2023 (ECF No. 6). Having done so, it agrees fully with the Magistrate Judge's order of detention and the reasons therefor.

Further, the Government offers additional facts in its response that evidence the potential danger Defendant presents to the safety of the community and to specific persons. Specifically, the Government asserts:

> [Defendant's] serious criminal history, commitment of crime while on supervised release, and involvement in fentanyl trafficking more than justify his detention while awaiting trial. However, there is more. The United States provided discovery to defendant, which included details related to the timing of the controlled purchase and various communications between the CI and the defendant leading up to that purchase. Since providing that material only to defendant (through his counsel), defendant's Facebook page has posted photos of every page of the FBI reports as well as well as screenshots of defendant's Facebook Messenger records for the times relevant to the purchase. The photos were accompanied by the caption: "Mfs sayin iknew a nigga was telling who lied & wore a wire on me in 2021. One thing for sure two things for certain a snitch I'll never be black & white a never lie!!" This is a clear and overt attempt to intimidate the CI.
>
> In light of the foregoing, not only is revocation of the detention order inappropriate, in light of the postings on defendant's Facebook page, the basis for detention is even stronger than it was when the order was entered.

(ECF No. 24 at 2-3.) Defendant has made no response to these factual and legal allegations.

3

**Conclusion**

Based on de novo review of the entire record, the Court finds the circumstances warrant detention as the Government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community, and has shown by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Samir Simpson-Bey's Motion to Revoke Order of Detention Pursuant to 18 U.S.C. § 3145(b) (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Simpson-Bey shall remain committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Marshals Service.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2024.